IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ANDRE WALTERS, #A040090365, Petitioner, | § § § § | |
| v. | § § | No. 3:23-cv-02269-X (BT) |
| DEPARTMENT OF HOMELAND SECURITY, Respondent. | § § § § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Andre Walters filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, when he was a detainee at the Prairieland Detention Center in Alvarado, Texas, challenging his continued detention in immigration custody. Because Walters was released on supervision on November 6, 2023, *see* Resp. Ex. A (ECF No. 9), the Court should DISMISS the petition as moot.

In his petition, Walters alleges he was born in Jamaica and has lived in the United States for more than 35 years. Pet. 3 (ECF No. 1). He claims he is a United States citizen, but he was taken into immigration custody on September 15, 2022. *Id.* Walters complained that he had been detained for more than 384 days, and he asked the Court for immediate release pursuant to *Zadvydas v. Davis*, 533 U.S. 678, 689 (2001).

On December 4, 2023, the Government filed a response (ECF No. 9), in which it argues Walters's petition should be dismissed because Walters

1

was released on supervision on November 6, 2023, and he is no longer in ICE custody. The Government further argues that Walters has received all the relief he requested and to which he would be entitled if his petition were successful, there is no further relief that the Court may award, and Walters's petition should be dismissed for lack of jurisdiction as moot.

As another magistrate judge in this district has noted, "the Fifth Circuit Court of Appeals has not specifically considered whether a *Zadvydas* challenge to continued detention by an alien under a final order of removal is mooted by the alien's subsequent release on supervision, [but] other circuits have so found." *Dien Thanh Ngo v. Johnson*, 2019 WL 3468909, at *2 (N.D. Tex. July 17, 2019) (citing *Riley v. I.N.S.*, 310 F.3d 1253, 1257 (10th Cir. 2002) (holding that petitioner's release from detention under an order of supervision mooted his challenge to the legality of his extended detention); *Nunes v. Decker*, 480 F. App'x 173, 174–75 (3rd Cir. 2012) (finding appeal moot where the petitioner's release during its pendency provided him the result he sought in his habeas petition and "forestalled any occasion for meaningful relief"); *Alvarez v. Conley,* 145 F. App'x 428, 429 (4th Cir. 2005) (concluding that the petitioner's release rendered moot his appeal since his § 2241 petition only sought release from detention under *Zadvydas*)), *rec. adopted*, 2019 WL 3459817 (N.D. Tex. July 31, 2019) (Boyle, J.). "Districts courts in this circuit have likewise found that release moots a § 2241 petition challenging continued detention pending removal."

2

*Id.* (citing cases); *see also Singh v. Mukasey*, 2009 WL 1097255, at *1 (N.D. Tex. Apr. 22, 2009) (O'Connor, J.) (finding moot § 2241 petition where only relief sought was release pending removal, and the petitioner had been released on supervision); *Caquias v. Dist. Dir. of Immigration and Customs Enforcement*, 2008 WL 5378173, at *1 (N.D. Tex. Dec. 23, 2008) (Fitzwater, J.) (same).

Here, Walters's release from immigration custody provided him all the relief he seeks in his petition. He has not identified any additional adverse collateral consequences that continue to restrict his liberty; nor has he challenged the conditions of his release. The petition should therefore be DISMISSED as moot. *See Dien Thanh Ngo*, 2019 WL 3468909, at *2; *Ali v. McAleenan*, 2020 WL 1815793, at *2 (N.D. Tex. Mar. 23, 2020) (holding that where an alien challenging his detention under § 2241 is released during the pendency of his petition under an order of supervision, the petition is rendered moot), *rec. adopted*, 2020 WL 1808628 (N.D. Tex. Apr. 9, 2020) (Boyle, J.); *Lainez-Diaz v. Johnson*, 2019 WL 5394365, at *3 (N.D. Tex. Oct. 3, 2019) (same), *rec. adopted*, 2019 WL 5394053 (N.D. Tex. Oct. 21, 2019).

Signed December 4, 2023.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).